ARAM K. BERBERIAN *et al. vs.* PUBLIC UTILITY HEARING BOARD.

OCTOBER 24, 1958.

PRESENT: Condon, C.J., Roberts, Andrews and Paolino, JJ.

208

Condon, C. J.   This is a complaint under general laws 1938, chapter 122, §15, now G. L. 1956, §39-4-3, by twenty-five qualified electors against the United Transit Company, a public utility corporation engaged in the business of carrying passengers in motor buses over fixed routes on certain public highways in this state.   The complaint alleged that the company is not rendering adequate service in that it neglects to inform the public of the approximate time its buses pass various designated bus stops on such routes.   The complainants prayed that the company be ordered to remedy the alleged inadequacy by posting "at

a convenient place at or near each of its bus stops a current time schedule of each bus operated by it which picks up patrons at said bus stop, said posted schedule being as nearly weatherproof and vandal proof as possible."

The case is here on complainants' appeal under G. L. 1956, §39-5-14, from an order of the public utility hearing board denying and dismissing the complaint. As reasons of appeal complainants allege that such order is against the law and the evidence and the weight thereof; that the board did not exercise its expertise in evaluating the evidence; that it erred in admitting in evidence the transcript of the original hearing on the complaint before the public utility administrator; that it erred in excluding certain testimony; and finally that its order is otherwise unreasonable and unlawful.

The company introduced evidence showing that it was providing printed time schedules of buses on all of its routes and that it was resorting to several methods for making such schedules readily available to all of its patrons. There was further evidence that it maintained a twenty-four hour answering service for telephone inquiries respecting time schedules on its routes. This evidence was not contradicted. Only one complainant testified in support of the complaint. He admitted that time schedules were available as testified to by the company's witness, but claimed that this was not enough to afford a patron waiting at a bus stop reasonable and adequate information of the approximate time when a bus would pass such stop. He maintained that to perform its duty to the public fully and reasonably the company could and should make time schedules available for inspection at each bus stop.

In rebuttal of such testimony the company introduced evidence tending to show that posting such information in that manner would be highly inconvenient and impracticable if not impossible and that it had previously investigated the feasibility of providing some such service and

had found it wholly impracticable. The company also introduced evidence to show that to print and post the schedules in the manner suggested by complainants would be highly expensive and greatly disproportionate to the probable degree of service which would result to the traveling public.

We find no merit in any of complainants' reasons of appeal. From our examination of the evidence we cannot say that the board's decision is clearly wrong or that it is otherwise erroneous. If the board was authorized in a case of this kind to resort to its expert knowledge to support complainants' case it was not *required* to do so. On the contrary complainants had the burden of proving their complaint by a fair preponderance of the evidence. *Breen* v. *Division of Public Utilities,* 59 R. I. 134; *Town of Charlestown* v. *Kennelly,* 80 R. I. 148.

The board clearly did not err in admitting into evidence the transcript of the original proceedings before the public utility administrator, because G. L. 1956, §39-5-13, expressly authorizes such admission. The complainants' other reasons of appeal based on alleged error of the board in excluding two questions asked by the complainants are so completely lacking in merit that they require no further discussion. On the whole we are satisfied that the hearing before the board was fair and impartial, that its order was warranted by the evidence, and therefore that such order was neither unlawful nor unreasonable.

The appeal is denied and dismissed, the order appealed from is affirmed, and the records in the case are ordered sent back to the respondent board.

*Aram K. Berberian,* for petitioners.

*William E. Powers,* Attorney General, *Edward F. J. Dwyer,* Assistant Attorney General, for State and respondent board.

*Walter F. Gibbons,* for United Transit Company.